IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

MIKE ROBINSON                                                                                    PLAINTIFF

V.                                                           CIVIL ACTION NO. 2:00CV243-B-B
                                                             CONSOLIDATED WITH 2:00CV244-B-B
                                                                                 2:00CV245-B-B
                                                                                 2:00CV246-B-B
                                                                                 2:00CV247-B-B
                                                                                 2:00CV248-B-B
                                                                                 2:00CV249-B-B
                                                                                 2:00CV250-B-B
                                                                                 2:00CV251-B-B
                                                                                 2:00CV252-B-B

GUARANTEE TRUST LIFE
INSURANCE COMPANY                                                                              DEFENDANTS

## **MEMORANDUM OPINION**

This cause comes before the court upon the defendant's motion for partial summary judgment and motion to vacate the consolidation order. Upon due consideration of the motions, responses, exhibits, and supporting and opposing authority, the court is ready to rule.

Factual and Procedural Background

The plaintiffs were selling agents for Commonwealth National Life Insurance Company ("Commonwealth"), which is not a party to this action. The plaintiffs allege that at some point during the early to mid-1990s, Commonwealth engaged in improper practices by providing one of its selling agents, Allen Stevens, who is not a plaintiff herein, with a list of its Medicare supplement policyholders for the purpose of replacing policies in an effort to cut the plaintiffs, the original selling agents, out of commissions. The plaintiffs sued Commonwealth in Mississippi state court, and this litigation was ongoing when, on January 1, 1996, Commonwealth entered into an Assumption Reinsurance Agreement ("the Agreement") with the

defendant, Guarantee Trust Life Insurance Company ("GTL"). Under the Agreement GTL assumed all of Commonwealth's Medicare supplement policies in Mississippi as well as Commonwealth's obligation to pay continuing commissions on existing policies to the agents who originally sold them. The Commonwealth state court litigation was settled in October 1997 and memorialized in a confidential settlement agreement which exempted any claims the plaintiffs might have against GTL or Allen Stevens, who at that point had been appointed a selling agent with GTL.

Although GTL contends that it continued to pay the plaintiffs' commissions properly under the scheme that was in place at Commonwealth, the plaintiffs brought the present action in the Circuit Court for the Second Judicial District of Bolivar County, Mississippi, on September 29, 2000, by each filing a multi-count complaint asserting a number of causes of action including, inter alia, breach of contract, breach of covenants of good faith and fair dealing, tortuous or fraudulent conspiracy, fraud of concealment, tortuous interference with contractual relations, violation of the Mississippi Uniform Trade Secrets Act, and negligence. The plaintiffs allege that GTL appointed Allen Stevens as a selling agent and provided him with a list of Medicare supplement policyholders in the same manner and for the same purpose as Commonwealth had previously done – that is, to convert existing Commonwealth policies to GTL policies thereby cutting the plaintiffs out of more commissions. GTL removed all of the cases to this court on October 30, 2000. The magistrate judge overseeing the pretrial process entered an order consolidating the ten cases for trial. This court now finds that the consolidating order should be rescinded as requested by the defendant. GTL subsequently moved for summary judgment.

This court granted summary judgment finding "no evidence that GTL was obligated to pay plaintiffs commissions on inactive or replaced Commonwealth policies or on replacement policies" and further finding "no evidence that GTL was contractually restricted from offering replacement coverage to its insureds."

The Fifth Circuit affirmed this court's finding that there was no novation, express or implied, of the plaintiffs' Commonwealth agency contracts with GTL.[1] The court did find, however, "that there are genuine issues of material fact concerning whether plaintiffs were third party beneficiaries of the Reinsurance Agreement and whether any third party obligations assumed by GTL in the Reinsurance Agreement were breached." *Id.* at 482. The court further stated that "the derivative claims such as breach of contract, fraud, negligence, and perhaps others, at this stage, survive summary judgment." *Id.* at 482-83.

The plaintiffs filed an amended complaint in April 2005, and the defendant subsequently moved for summary judgment. This motion addressed the third party beneficiary issues set forth by the Fifth Circuit in its October 27, 2004, opinion. This court denied the defendant's second motion for summary judgment.

---

[1] In their response to the present motion, the plaintiffs argue that the law of the case applicable to the defendant's motion for partial summary judgment includes the Fifth Circuit's finding that "the determination of an implied novation is factual." While this statement is technically correct, the implication that a question remains as to whether an implied novation exists in this case is flatly erroneous, as the Fifth Circuit affirmed this court's finding on this issue. The court stated, "The district court, by granting summary judgment, found no genuine issue of material fact that supported a conclusion that a novation had occurred and, thus, impliedly found no genuine factual dispute surrounding the issue of implied novation. **Our review of the record supports this conclusion.**" *Robinson v. Guarantee Trust Life Ins. Co.*, 389 F.3d 475, 480 (5th Cir. 2004). (Emphasis added).

The defendant has now moved for summary judgment a third time, asking the court to dismiss the plaintiffs' claims arising from the conversions accomplished by Commonwealth prior to the Reinsurance Agreement (the "Commonwealth conversions").

Standard of Review

A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). If the movant makes such a showing, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 324, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274 (quoting Fed. R. Civ. P. 56(c), 56(e)). Before finding that no genuine issue for trial exists, the court must first be satisfied that no rational trier of fact could find for the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

Analysis

The defendant asserts that it had no role in the Commonwealth conversions and that the replaced policies were not assumed by GTL. According to the defendant, the legal theories under which the plaintiffs seek such commissions are breach of contract and negligence and that GTL is not contractually obligated to pay commissions on policies previously replaced by

4

Commonwealth because these policies were never assumed by GTL and were not otherwise subject to the terms of the Reinsurance Agreement.

The plaintiffs contend that the defendant predicates its entire motion on the unfounded premise that the plaintiffs' claims are limited to alleged simple negligence and alleged simple breach of contract. The plaintiffs assert that "GTL is being held accountable . . . for the damages which it caused in a continuing course of conduct with [Allen] Stevens as its agent, committed with the actual knowledge of the prior course of conduct." According to the plaintiffs, GTL continued to perpetrate the fraudulent and illegal conduct of Stevens and Commonwealth and should be held liable for doing so.

The court finds no evidence that GTL was involved with Commonwealth in committing illegal, tortuous, or fraudulent acts prior to the Reinsurance Agreement and that, therefore, the defendant is entitled to judgment as a matter of law as to any of the plaintiffs' claims arising from the Commonwealth conversions. For the plaintiffs' claims related to the Commonwealth conversions to survive summary judgment, the plaintiffs would have to direct the court to evidence that GTL was, for instance, involved in a conspiracy with Commonwealth prior to the Reinsurance Agreement or engaged in fraudulent acts against the plaintiffs prior to the Reinsurance Agreement – a burden the plaintiffs have failed to carry.

The plaintiffs' conspiracy claim, for example, reveals glaring evidentiary shortcomings. Under Mississippi law, civil conspiracy requires a showing of the following: "(1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result." *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 459 (5th Cir. 2005) (quoting

5

*Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 786 (Miss. 2004)). The plaintiffs have pointed to no evidence of any unlawful overt acts, relying instead on speculative and conclusory allegations.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific* facts showing that there is a genuine issue for trial.

Fed. R. Civ. P. 56(e) (emphasis added); *see BBS Norwalk One, Inc. v. Raccolta, Inc.*, 117 F.3d 674, 678 (2nd Cir. 1997) ("Rule 56(e) will then require BBS to show, by specific references to the arbitration record . . . ."); *McClendon v. Indiana Sugars, Inc.*, 108 F.3d 789, 795 (7th Cir. 1996) ("[The plaintiff] must come forward with 'specific facts showing that there is a genuine issue for trial' by referring to the record evidence on file."). In other words, the non-movant must "designate" specific facts upon which he relies:

> Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324.

Allegations of fact without sufficient direction to this court of the origin of those allegations do not satisfy Rule 56. This court has no duty to scour the record on behalf of the plaintiffs and locate the facets of the case favorable to them. *Jones v. Sheehan, Young & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996) ("Rule 56, therefore, saddles the non-movant with the duty to 'designate' the specific facts in the record that create genuine issues precluding summary judgment, and does not impose upon the district court a duty to survey the entire record in search

of evidence to support a non-movant's opposition.") (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1992)).

The plaintiffs state that "there is very good evidence that the defendant had actual and constructive knowledge of the course of conduct constituting fraud being perpetrated by Commonwealth and Stevens before, during, and after the Assumption Reinsurance Agreement, and defendant is charged with both actual and constructive knowledge of the fraud"; yet, the plaintiffs have directed the court to none of this evidence. The court agrees with the defendant in its assertion that "the evidence merely shows that GTL was aware of existing litigation between Commonwealth and its agents." The fact that GTL had knowledge of this litigation and, as the defendant notes in its brief, "[t]he fact that GTL subsequently permitted the replacement of policies do[] not magically tie the Commonwealth conversions (which occurred in 1993 and 1994) to the GTL conversions (which occurred in 1997 and 1998)"; nor do these facts show that GTL ratified Commonwealth's alleged wrongdoing. For these reasons, the court finds that the defendant's continuing course of conduct and ratification arguments are not well taken, and the defendant is entitled to partial summary judgment with respect to the plaintiffs' claims arising from the Commonwealth conversions.

Furthermore, the court's ruling appears to be consistent with the Fifth Circuit's opinion in the prior appeal of this case. The following excerpt from the Fifth Circuit's opinion is revealing:

> In its original brief, GTL stated that the **only** conceivable contractual obligation it owed to plaintiffs was to pay commissions on existing Commonwealth policies **assumed under the Reinsurance Agreement. We agree, and that obligation would arise under a theory of third party beneficiary.**

*Robinson*, 389 F.3d at 481. (Emphasis added). The court reversed this court's "grant of summary judgment in favor of GTL on the issue of third party beneficiary, and claims derived

7

therefrom . . . ." *Id.* at 484. Thus, while this court acknowledges, as the plaintiffs have urged, that this case is about more than a simple breach of contract or simple negligence, the Fifth Circuit has made clear that the plaintiffs' claims can only survive within a third party beneficiary context.

## Conclusion

Because the court finds no circumstances in which the claims arising from the Commonwealth conversions could be viable via the plaintiffs' possible third party beneficiary status in the Reinsurance Agreement, the court must grant partial summary judgment in favor of the defendants as to these claims. The court denies the motion for summary judgment on the issue of punitive damages at this time and carries that matter forward to trial. The court further finds that the defendant's motion to vacate the consolidation order is well taken and shall be granted. In the interest of making the issues clearer to the trier of fact, at this point the only case which will be tried on the previously scheduled date of September 29, 2008, is that of Mike Robinson against the defendant. A separate order in accord with this opinion shall issue this day.

This the 22nd day of September, 2008.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**SENIOR U.S. DISTRICT JUDGE**